IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01625-GPG-KAS

RODNEY DOUGLAS EAVES,

      Plaintiff,

v.

LARRY COX, Chief of Security at Bent County Correctional Facility,
ROSCOE MUELLER, Chief of Programs at Bent County Correctional Facility,
JESSICA GARCIA, Legal Liaison at Bent County Correctional Facility,
MARSHALL GRIFFITH,
VIRGIL ENSEY,
ADRIENNE JACOBSON,
DEAN WILLIAMS,
MOSES ANDRE STANCIL,
DAVID HESTAND,
KERRI DELAROSA,
A. SALAS,
COLIN CARSON,
SANDRA BROWN,
STACEY LEWIS,
STEVEN SALAZAR,
TIFFANY SALDANA,
HOWELL, Mr., and
VANDYKE, Mr.,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on the BCCF Defendants'[1] **Motion to Set Aside**

**Entry of Default** [#35] (the "Motion to Set Aside"). Plaintiff, who proceeds in this matter

---

[1] The BCCF Defendants are Defendants Larry Cox, Roscoe Mueller, Jessica Garcia, Virgil Ensey, David Hestand, A. Salas, Colin Carson, Sandra Brown, Stacey Lewis, Steven Salazar, Tiffany Saldana, and Mr. Howell. *See Motion* [#35] at 1.

pro se,[2] has filed a Response [#46] in opposition to the Motion [#35], and the BCCF Defendants have filed a Reply [#54]. Plaintiff filed a Motion for Surreply (the "Motion for Surreply") [#56] along with an attached proposed Surreply [#56-1], which he asserts is prompted by new arguments Defendants raised in Reply [#54]. *See Motion for Surreply* [#56] at 1. Both the Motion to Set Aside [#35] and the Motion for Surreply [#56] have been referred to the undersigned. *See Memoranda* [#38, #57].

The Court has reviewed the briefs, the case file, and the applicable law. For the following reasons, the Motion for Surreply [#56] is **GRANTED** and the Court has considered Plaintiff's Surreply [#56-1] to the extent it responds to new assertions made in the Reply [#54]. The Motion to Set Aside [#35] is **GRANTED**.[3]

## I. Background

Plaintiff Rodney Douglas Eaves ("Plaintiff") is an inmate who was, at times relevant to his Complaint, in the custody of the Colorado Department of Corrections ("CDOC") and housed at the Bent County Correctional Facility ("BCCF"), a private prison operated by CoreCivic under a state contract. *See, e.g.*, *Am. Compl.* [#10] at 2-3, 7-10 (identifying the parties). On June 26, 2023, Plaintiff filed a Prisoner Complaint [#2] under 42 U.S.C. §

---

[2] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] "A motion to set aside a clerk's entry of default is not a dispositive motion." *Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972, at *4 (D. Colo. July 18, 2018) (citing *Finely v. CSA-Credit Sols. of Am., Inc.*, No. CIV-08-250, 2008 WL 5280551, at *1 (E.D. Okla. Dec. 18, 2008)). Accordingly, such motions—as distinguished from motions to set aside default *judgment*—are subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). *Allstate Fire & Cas. Ins. Co. v. Novosad*, No. 16-12481, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) (collecting cases).

1983, alleging violations of various constitutional rights. *Compl.* [#2] at 3-4, 6. He was directed to file an amended complaint and did so on November 10, 2023. *See Order Directing Plaintiff to File Amended Complaint* [#3]; *Am. Compl.* [#10]. On December 27, 2023, the Court granted Plaintiff leave to file his Amended Complaint [#10] and "determined that this case does not appear to be appropriate for summary dismissal" under D.C.COLO.LCivR 8.1(b). *See Order Drawing Case* [#11] at 2. The Clerk of Court issued copies of the Amended Complaint [#10] and summonses to CDOC for service of process on Defendants Vandyke, Williams, Stancil, Delarosa, Griffith, and Jacobson (collectively, the "CDOC Defendants"), and to the United States Marshal Service for service on all other Defendants. *See Certificate of Service* [#13] at 1. The BCCF Defendants were served on January 10, 2024, so their answers were due on January 31, 2024. *See Summonses* [#23]. However, the BCCF Defendants did not timely answer, enter an appearance, or file a motion to dismiss.

On February 22, 2024, Plaintiff filed a "Request for Entry of Default Judgment Under Fed. R. Civ. P. Rule 55," which the Court construed as a Motion for Entry of Default. *Motion for Entry of Default* [#28]. By that time, the CDOC Defendants had entered an appearance and requested an extension of time to respond, *see Motion for Extension of Time* [#26], but there was still no activity from the BCCF Defendants on the docket. Accordingly, on March 11, 2024, the Court denied the Motion for Entry of Default as to the CDOC Defendants but granted it as to the BCCF Defendants, who still had not appeared in this matter. *Minute Order* [#32]. The Clerk of Court entered default against the BCCF Defendants on March 11, 2024. *Clerk's Entry of Default* [#33].

Nine days later, on March 20, 2024, the BCCF Defendants filed the subject Motion [#35] seeking to set aside the entry of default.[4] Defendants attached a sworn declaration of Defendant Jessica Garcia to the Motion [#35]. *See Decl. of Garcia* [#35-1]. In it, Defendant Garcia explains that she is responsible for processing legal mail and ensuring that CoreCivic and its attorneys receive all legal materials served upon BCCF staff. *Id.*, ¶ 2. Ms. Garcia has a filing clerk who inadvertently filed the lawsuit before Defendant Garcia could forward it to BCCF's attorneys. *Id.*, ¶ 3.

The BCCF Defendants admit that "there is coordination between attorneys in the Office of the Attorney General and the [BCCF Defendants'] counsel's law firm on cases where both CDOC and private prison defendants are sued" and that "counsel did learn about this case from attorneys for the CDOC Defendants." *Reply* [#53] at 5. Apparently, "counsel intended to file a response to Plaintiff's Request for Entry of Default Judgment . . . within the 21-day period for BCCF Defendants to respond, but this Court granted Plaintiff's Motion in part and directed the Clerk to enter default before the expiration of the 21-day response period." *Id.*

Plaintiff's proposed Surreply [#56-1] responds to these new admissions by the BCCF Defendants. Plaintiff argues that despite counsel for BCCF Defendants admitting that they were aware of his complaint, "the BCCF Defendants didn't even bother to enter in an entry of appearance at any point before" default was entered. *Surreply* [#56-1] at 2. The Court finds that Plaintiff should be given leave to file the proposed Surreply [#56-1] to address the BCCF Defendants' admissions in their Reply [#53]. *See, e.g.*, *Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005) (holding that the district court's

---

[4] The BCCF Defendants have also moved to dismiss Plaintiff's claims. *Motion to Dismiss* [#37].

decision whether to permit a surreply is reviewed for an abuse of discretion, but "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply.") (citing *Beaird v. Seagate Tech, Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Accordingly, Plaintiff's Motion for Surreply [#56] is **GRANTED** and the Surreply [#56-1] is **ACCEPTED AS FILED**. The Court has considered Plaintiff's proposed Surreply [#56-1] in ruling on Motion for Entry of Default [#35].

## II. Legal Standard

In relevant part, Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause." However, "it is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted).

The primary factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presented a meritorious defense. *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is on the merits and not by default judgment.'" *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). However, the district

court has broad discretion in determining whether to set aside an entry of default. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (reviewing decision to set aside entry of default for an abuse of discretion).

### III. Analysis

### A.     The Prison Litigation Reform Act

The BCCF Defendants argue that under the Prison Litigation Reform Act ("PLRA"), they were not required to respond to Plaintiff's complaint until explicitly ordered to do so by the Court. *See Motion* [#35] at 5. 42 U.S.C. § 1997e(g)(1) provides that:

> [a]ny defendant may waive the right to reply to any action brought by a prisoner . . . under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

However, "[t]he court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2). In *Jones v. Bock*, the Supreme Court examined this statute in the context of "judicial screening to filter out nonmeritorious claims" which "may take place before any responsive pleading is filed—unlike in the typical civil case[.]" *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). However, "the PLRA's screening requirement does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Id.* at 214.

Here, Plaintiff's claims underwent judicial screening and eventually passed, and summonses were then issued and executed on the BCCF Defendants. *See, e.g.*, *Order Directing Plaintiff to File Amended Complaint* [#3]; *Order Drawing Case* [#11] ("After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that this case does not appear to be appropriate for summary dismissal."); *Summonses* [#23]. Plaintiff argues

that the executed summonses were, in effect, the Court directing the Defendants to reply. *Response* [#46] at 2 ("Then the Defendants were ORDERED to file a response after receiving the summons.") (emphasis in original).

The BCCF Defendants disagree, arguing that "[p]recedent interpreting 42 U.S.C. §§ 1997e(g)(1) and (2) holds a specific court order is needed directing a defendant to respond to a prisoner's complaint before the statutory provisions do not apply to preclude entry of default." *Reply* [#54] at 3. However, the Defendants do not cite a single example of that precedent. *Cf. Rapid Transit Lines, Inc. v. Wichita Devs., Inc.*, 435 F.2d 850, 852 (10th Cir. 1970) (stating that a party's failure to cite any pertinent authority "suggests either that there is no authority to sustain its position or that it expects the court to do its research").[5] Moreover, as explained below, the Court disagrees that the BCCF Defendants' proffered interpretation is a natural reading of the statute.

42 U.S.C. § 1997e(g)(1)-(2) serves to prevent prisoners from prematurely serving a complaint and summons on a defendant and obtaining a default, along with the

---

[5] On a related note, the BCCF Defendants cited no case law from this district (or even from other courts within the Tenth Circuit) to support their argument that they were not required to respond to a duly served prisoner complaint absent a court order. *See Motion* [#35] at 4-5. Instead, they cite four district court cases from districts in Michigan and Pennsylvania. *Id.* The Court has reviewed the four cited cases. Notably, each case quotes or cites *only other Michigan and Pennsylvania district court cases* in support of this reading of 42 U.S.C. § 1997e(g)(1)-(2). *See Rivera v. Dempsey*, No. 1:22-cv-00233, 2024 WL 247070, at *3 (M.D. Pa. Jan. 23, 2024) (quoting two other Middle District of Pennsylvania cases as support for the assertion that "courts have consistently interpreted this provision as barring a prisoner plaintiff from obtaining an entry of default when no reply has been filed, because a defendant has no obligation to reply to the complaint"); *Johnson v. Elum*, No. 4:20-cv-12422, 2021 WL 6884739, at *2 (E.D. Mich. June 21, 2021) (citing only cases from district courts in Michigan); *Kendrick v. Hann*, No. 1:19-cv-1642, 2020 WL 1531234, at *2 (M.D. Pa. Mar. 31, 2020) (citing *Steele v. Wetzel* and a Middle District of Pennsylvania case); *Steele v. Wetzel*, No. 14-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015) (citing two Middle District of Pennsylvania cases, one Western District of Pennsylvania case, and three Western District of Michigan cases). This may indicate a consensus among federal courts in those two states, but this appears to be a geographical anomaly rather than a nationwide trend. The Court finds these cases unpersuasive.

consequential deeming of facts admitted, before the prisoners' claims are judicially screened. *See, e.g.*, *Serrano v. Garza*, No. 7:22-CV-0347, 2023 WL 11867319, at *1 (S.D. Tex. Feb. 14, 2023) (recommending denying motions for default as "premature insofar as they were filed while an application by Plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915 of the [PLRA] . . . was under consideration" and the case was being screened), *report and recommendation adopted* 2024 WL 4357568 (S.D. Tex. Sept. 30, 2024); *Parks v. Taylor*, No. CIV-19-1137-D, 2021 WL 12166666, at *1 (W.D. Okla. Sept. 10, 2021) (denying pro se plaintiff's motion for default and default judgment as premature where the court was in the process of screening his complaint). Thus, while defendants cannot be required to reply until the court has screened a PLRA complaint, "[a]fter the preliminary screening, Defendants will be served with any claims that survive the review" and they must then answer or otherwise respond in accordance with the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the PLRA. *Ravan v. Talton*, No. 5:19-cv-00161-TES-TQL, 2020 WL 13979107, at *1 (M.D. Ga. Jan. 29, 2020). This approach comports with the PLRA's provision that "the court *may require* any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2) (emphasis added).

Here, summonses were issued after Plaintiff's pro se prisoner complaint was judicially screened and after the Court found that he had a reasonable opportunity to prevail on the merits, *see Order Drawing Case* [#11] and *Order* [#20] (directing service), and the summonses directed Defendants to appear and defend. Fed. R. Civ. P. 4(a) (stating that a summons must "be directed to the defendant," "state the time within which

the defendant must appear and defend," "be signed by the clerk," and "bear the court's seal"). On its face, this comports with 42 U.S.C. § 1997e(g)(2): a court-issued summons requires a defendant to reply to, i.e. appear and defend, a complaint. There is no dispute that Defendants did not reply by the deadline contained in the summonses. *See Summonses* [#23] (indicating "answer due 1/31/2024" for each of the BCCF Defendants).

The BCCF Defendants' have failed to explain why a court-stamped summons, issued after judicial screening, does not suffice to "require any defendant to reply to a complaint" pursuant to 42 U.S.C. § 1997e(g)(2), and they have not identified the contrary "precedent" on which they rely. Due to the BCCF Defendants' failure to cite any relevant authority, and based on its own reading of the statute, the Court agrees with Plaintiff and finds that the entry of default against the BCCF Defendants was not improper under the PLRA.

## B.   Good Cause under Rule 55(c)

### 1.   Defendants' Culpability

The Court finds that clerical error during CoreCivic's intake process at BCCF is at least partly responsible for the entry of default against the BCCF Defendants. *See Decl. of Garcia* [#35-1], ¶¶ 2-3 (explaining that a filing clerk filed the incoming lawsuit before CoreCivic's corporate office and attorneys were notified). Plaintiff argues that the declaration is "self-serving" and that the assisting clerk should have sworn rather than Defendant Garcia, but he gives the Court no reason to doubt Defendant Garcia's veracity, when her declaration was made under oath and subject to penalty of perjury. *Decl. of Garcia* [#35-1] at 1 (stating that the declarant was "first duly sworn").

Next, Plaintiff argues that the CDOC Defendants could have notified the BCCF Defendants of this case. *Response* [#46] at 4. In Reply [#54], BCCF Defendants admit that their attorneys learned about this case from the CDOC Defendants and intended to respond to "Plaintiff's Request for Entry of Default Judgment" within the typical 21-day response period but were thwarted by this Court's order directing the Clerk to enter default. *Reply* [#54] at 5. However, D.C.COLO.LCivR 7.1(d) expressly states that "[n]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed," despite the rule's timeframes for a response and a reply. Even so, the Court waited 18 days before ruling. *Motion for Entry of Default* [#28] (filed February 22, 2024); *Minute Order* [#32] (filed March 11, 2024). Moreover, the Court issued its Minute Order [#32] more than five weeks after the BCCF Defendants' responses to the Amended Complaint [#10] was due on January 31, 2024. At that time, the BCCF Defendants were, by all appearances, absent from this case (having not entered an appearance, answered, or moved to dismiss). Plaintiff correctly points out that the BCCF Defendant's admissions in their Reply [#54] undermine their assertion that the entry of default was caused by a clerical error alone. Instead, these admissions suggest that the BCCF Defendants are at least somewhat culpable for the entry of default against them.

However, the Court notes that the BCCF Defendants acted relatively quickly *once default had been entered*. On March 11, 2024, the Court directed entry of default as to the BCCF Defendants. *See Minute Order* [#32]. Just nine days later, on March 20, 2024, the BCCF Defendants filed both a Motion to Dismiss [#37] and the subject Motion to Set Aside [#35]. This supports Defendant Garcia's assertion that "the BCCF Defendants

desire to participate fully in this litigation to establish our defenses to the Plaintiff's claims." *Decl. of Garcia* [#35-1], ¶ 5.

"If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Hunt*, 1995 WL 523646, at *3 (citation omitted). However, "[t]he standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is on the merits and not by default judgment.'" *Crutcher*, 205 F.R.D. at 584 (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). Given Defendant's admission that its "counsel did learn about this case from attorneys for the CDOC Defendants," this is a close call, but given the strong preference to resolve cases on the merits, the Court will not foreclose the BCCF Defendants' relief based on this factor alone.

### 2.    Prejudice to Plaintiff

The Court does not find any prejudice to Plaintiff if the entry of default is set aside. "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to the plaintiff except to require [him] to prove [his] case.'" *Crapnell v. Dillon Cos., Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *7 (D. Colo. Jan. 23, 2015) (quoting *SecurityNational Mortg. Co. v. Head*, No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014)). Additionally, "prejudice to the plaintiff is also mitigated where the defendant acted quickly to remedy the mistake." *Id.* at *6 (citing *Apex Mobility Transp., LLC v. First Transit, Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *2 (D. Colo. Jan. 2, 2015)).

The BCCF Defendants point out that Plaintiff's case is "in its infancy" and that setting aside default "will not hinder Plaintiff's ability to pursue his claims." *Motion* [#35] at

6. Plaintiff argues that the delay prevents him from proceeding in this litigation and prejudices the Court by backlogging the docket, but even he admits that "Defendants did move quickly to vacate the [default]." *Response* [#46] at 4.

The Court finds that Plaintiff has not shown he would be prejudiced if the entry of default were set aside. The BCCF Defendants acted promptly upon entry of default and the case was (and still is) in a very early procedural posture. Moreover, the CDOC Defendants timely responded with a Motion to Dismiss [#34], and Plaintiff would have to proceed with his case against them regardless of whether he had obtained default against the BCCF Defendants. The setting aside of default does no harm to Plaintiff beyond requiring him to prove his case, which is no harm at all. *Cf. Crapnell*, 2015 WL 328524, at *7.

### 3.    Meritorious Defenses

Finally, the Court finds that the BCCF Defendants have asserted meritorious defenses in their Motion to Dismiss. When considering whether a party has a meritorious defense, the Court "examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Courts do not concern themselves with how the factual allegations are presented, but that they are satisfactorily presented—whether "in the written motion itself, in an appended proposed answer, or in attached affidavits." *Id.* at 1319-20. The Court must deem true the facts alleged by the party opposing default. *Id.* at 1319 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Here, the BCCF Defendants do not argue the substance of any defenses in the Motion [#35] but refer the Court to their contemporaneously filed Motion to Dismiss [#37]. *See Motion* [#35] at 7; *Reply* [#54] at 6. In their Motion to Dismiss [#37], the BCCF Defendants argue, among other things, that Plaintiff fails to allege their direct personal participation in the alleged violations of his constitutional rights; that Plaintiff's claim for denial of access to the Courts fails because he was given the opportunity to raise any issue he wanted in the underlying litigation; that his claim arising from prison lockdowns fails because he does not allege that the lockdowns were improper or excessively long; and that his Religious Land Use and Institutionalized Persons Act claim, 42 U.S.C. § 20000cc, *et seq*., is not cognizable against individual prison officials. *Motion to Dismiss* [#37] at 4-14.

The Court need not pre-judge the Motion to Dismiss [#37] to conclude that the BCCF Defendants have asserted potentially meritorious defenses. Plaintiff offers a single argument on this point: the BCCF Defendants "have chosen to present a defense only after they were found to be in default" and that "the meritorious defenses presented in their Motion to Dismiss are misplaced and are left wanting. [S]ee DOC 37 and the response the Plaintiff is soon to file." *Response* [#46] at 4. Again, whatever the merits of the Motion to Dismiss [#37] and Plaintiff's response thereto, *see* [#61], the BCCF Defendants' arguments are substantive enough that the Court finds this case should be decided on the merits, especially given the "fairly liberal" standard for setting aside entry of default.

Accordingly, in the Court's discretion after considering the BCCF Defendants' culpability; the prejudice to Plaintiff; the meritorious defenses the BCCF Defendants have

asserted; and Plaintiff's Surreply [#56-1], good cause exists to set aside the entry of default under Fed. R. Civ. P. 55(c). The Motion to Set Aside [#35] and the Motion for Surreply [#56] are both **granted**.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Surreply [#56] is **GRANTED**. Plaintiff's Surreply [#56-1] is **ACCEPTED AS FILED**.

IT IS FURTHER **ORDERED** that the Motion to Set Aside Entry of Default [#35] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk's Entry of Default [#33] as to the BCCF Defendants is **SET ASIDE** pursuant to Fed. R. Civ. P. 55(c).

Dated:  October 17, 2024                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge